OPINIONS OF THE SUPREME COURT OF OHIO
      The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
      Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Whitten, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
      NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.

The State ex rel. Papp v. Norton, Judge.
[Cite as State ex rel. Papp v. Norton (1993),     Ohio St.3d
.]
Mandamus -- Peremptory writ issued when respondent fails to
      answer alternative writ -- R.C. 2731.10.
      (No. 93-126 -- Submitted April 6, 1993 -- Decided April 9,
1993.)
      In Mandamus.

      Kay L. Williams, for relator.

      Per Curiam.  According to her complaint, relator,
Elizabeth A. Papp, is the defendant in a divorce and custody
dispute pending before respondent, Judge Thomas F. Norton of
the Trumbull County Court of Common Pleas, Division of Domestic
Relations.  Papp seeks a writ of mandamus to compel Judge
Norton to hear and timely dispose of various motions and to
issue judgment entries accordingly.
      On February 10, 1993, we issued an alternative writ
ordering Judge Norton to answer by March 2, 1993 and show cause
why the peremptory writ of mandamus should not be granted.  As
of this date, Judge Norton has not responded to our order.
R.C. 2731.10 provides:
      "If no answer is made to an alternative writ of mandamus,
a peremptory writ must be allowed against the defendant [sic,
respondent]."
      R.C. 2731.10 establishes that the failure to answer an
alternative writ is grounds for the court to issue the
requested writ of mandamus.  Accordingly, the peremptory writ
is granted.
                              Writ granted.
      Moyer, C.J., A.W. Sweeney, Douglas, Wright,  Resnick, F.E.
Sweeney and Pfeifer, JJ., concur.